Filed 8/31/16  P. v. Palomino CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F071121 |
| v. | (Fresno Super. Ct. No. F14908017) |
| ANTONIO JESUS PALOMINO, | |
| Defendant and Appellant. | **OPINION** |

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan M. Skiles, Judge.

Francine R. Tone, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Gomes, Acting P.J., Detjen, J., and Franson, J.

After defendant Antonio Jesus Palomino attacked his aunt with the claw end of a hammer at her front door, he was convicted by no contest plea of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)).[1]  The trial court sentenced him to six years in prison.  He filed a notice of appeal; his request for a certificate of probable cause was denied.  We appointed counsel to represent defendant on appeal.

Appointed counsel has asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.  He responded with a letter, in which he contends defense counsel never mentioned a six-year sentence.  Defendant states the last paper he signed was for a 12-month "Teen Challenge" program.  He claims he never used the hammer for anything except breaking into cars and stores; his aunt was hallucinating the day she was attacked.  He says he would like to know if there was any blood found on the hammer.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On October 14, 2014, defendant pled no contest to assault with a deadly weapon (§ 245, subd. (a)(1)), admitted inflicting great bodily injury (§ 12022.7, subd. (a)), and admitted serving a prior prison term (§ 667.5, subd. (b)).  There was discussion regarding enrolling defendant in the Teen Challenge inpatient drug treatment program.  The court explained to defendant:

> "And I also want to make sure that you fully understand that before we get to accepting all these pleas that that five year stayed term means that if you violate probation, including by not completing the Teen Challenge inpatient drug treatment program, that the consequence is locked in place. There is no discussion.  It is five years and it will be in state prison."

---

[1]     All statutory references are to the Penal Code.

2

Defendant stated that he understood.

At the sentencing hearing on November 14, 2014, the prosecutor argued that defendant's violent crime warranted a prison sentence, especially in light of the recent finding that defendant did not seem to have a significant drug problem. A discussion ensued regarding defendant's drug use, and ultimately the trial court rejected the plea.

On December 23, 2014, defendant pled no contest to assault with a deadly weapon (§ 245, subd. (a)(1)), and admitted inflicting great bodily injury (§ 12022.7, subd. (a)) in return for a stipulated six-year term. Defendant initialed and signed a felony plea form that stated his maximum exposure was seven years. The following occurred:

> "[DEFENSE COUNSEL]: [Defendant] will be entering a no contest plea to Count One of case number 8017, felony [section] 245[, subdivision] (a)(1) with a serious body injury allegation pursuant to admitting serious bodily injury allegation pursuant to [section] 12022.7 with the deputy District Attorney dismissing [section] 667.5[, subdivision] (b) state prison prior as well as case numbers F14908026 and F14907754 with restitution reserved on those two cases.

> "So he is stipulating to six years [in] prison. [Defendant] has been advised and is aware that the crime to which he is pleading guilty is a serious and violent felony pursuant to [sections] 1192.7 and 667.5[, subdivision] (c) and constitutes a strike offense.

> "THE COURT: [Defendant] I've been handed a Change of Plea Form. Have you had enough time to go over that form with your attorney?

> "THE DEFENDANT: Yes, sir.

> "THE COURT: Did you understand all information on the form?

> "THE DEFENDANT: Yes.

> "THE COURT: Are these your initials and signatures on the form?

> "THE DEFENDANT: Yes."

The court then fully questioned defendant about the rights he was giving up and his understanding of the plea.

3

At the sentencing hearing on January 26, 2015, the following occurred:

"THE COURT: [Defense counsel], I appreciate you coming over. There was an issue about whether [defendant] was requesting a Marsden[2] Motion or motion to withdraw his plea. Any update on that?

"[DEFENSE COUNSEL]: Yes, Your Honor. In speaking with [defendant] and he kind of wanted to discuss the circumstances of the case some more and the plea transcript, other matters, and he is indicated to me that—I advised him that he had a right to request Marsden hearing and other counsel. He has indicated that he does not wish to do that, and also indicated that he wished to go ahead with sentencing.

"He was advised—I advised him that he had the right to seek to withdraw his plea. That doesn't mean that the Court will just go along with it by his mere expression. It would have to be a motion and so on. I also, today, was provided with a copy of a supplemental report from the deputy district attorney. It looks like it is generated on January 23 which includes a statement from the victim in this case and I went over that with [defendant] as well. And so I'll leave it to the Court to inquire, but he has indicated to me that he does not request— [¶] … [¶] I'll leave it to the Court to inquire further. [Defendant] indicated to me that he did not wish to request a Marsden hearing and wish to proceed with sentencing.

"THE COURT: Is that correct, [defendant]? You're not asking to have a different attorney appointed?

"THE DEFENDANT: Yes, sir.

"THE COURT: And is it also correct that you're not asking to have time to file a motion to withdraw your plea?

"THE DEFENDANT: Yes, sir."

After further discussion, the trial court imposed the six-year term, as stipulated. Defendant stated he had no questions whatsoever about the sentence.

In light of the record, defendant's suggestion that he knew nothing about the six-year term is meritless, as defense counsel stated in open court that defendant was

---

**2**     *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

stipulating to six years in prison (even though defendant's plea form noted seven years). Obviously, his claim that the last thing he signed was a paper regarding the Teen Challenge program is untrue. The record contains his subsequently signed plea form.

Finally, we reject any arguments based on the sufficiency of the evidence because by entering a plea, defendant admitted all of the elements of the offense. (*People v. Stanworth* (1974) 11 Cal.3d 588, 604-605, overruled on other grounds in *People v. Martinez* (1999) 20 Cal.4th 225, 237-238; *People v. Guerrero* (1993) 19 Cal.App.4th 401, 407-408, disapproved on other grounds in *People v. Miles* (2008) 43 Cal.4th 1074, 1094, fn. 14.)

In sum, having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.