Filed 10/19/20  P. v. Duran CA3

NOT <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C081563 |
| Plaintiff and Respondent, | (Super. Ct. No. CM041280) |
| v. | |
| RICHARD PHILLIP DURAN, JR., | |
| Defendant and Appellant. | |

A jury found defendant Richard Phillip Duran, Jr., guilty of three robbery counts, and he was ultimately sentenced to an 85-year-to-life aggregate term as a third strike offender.  On appeal, defendant contends (1) insufficient evidence supports the finding of five prior serious felonies based on his past convictions under title 18 United States Code section 2113[1] "Bank robbery and incidental crimes"; (2) remand is required for a sanity

---

[1]     All further references to section 2113 are to title 18 United States Code.

1

trial; and (3) remand is required so the trial court may consider exercising its discretion under the newly enacted Senate Bill No. 1393 (Senate Bill 1393) (Stats. 2018, ch. 1013, §§ 1-2).

These contentions have merit. We will remand to (1) allow the People to demonstrate that defendant's convictions under section 2113 constitute serious felonies; (2) hold a sanity trial; and (3) allow the trial court to consider exercising its newfound discretion under Senate Bill 1393.

## BACKGROUND

Defendant was charged with three counts of second degree robbery. He was also alleged to have suffered six prior serious felonies: One California robbery conviction (Pen. Code, § 459) and five federal "Armed Robbery" convictions (§ 2113).

Early on, defense counsel declared a doubt as to defendant's ability to stand trial. The court suspended criminal proceedings and ordered defendant evaluated. An appointed expert opined that defendant was not competent, and he was committed to the trial competency program at Napa State Hospital.

After receiving a report from the hospital that defendant was competent to stand trial, the trial court reinstated criminal proceedings. Defendant then entered separate pleas of not guilty and not guilty by reason of insanity. The court appointed two experts to evaluate defendant to determine if he was sane at the time of his offenses.

Based on the experts' reports, the court found defendant sane at the time of the offenses. A jury subsequently found defendant guilty of three counts of second degree robbery. (Pen. Code, § 211.) The trial court found defendant had suffered six prior serious felonies, including the five federal convictions. It thereafter imposed a 75-year-to-life indeterminate term along with a 10-year determinate term, consisting of three 25-

2

year-to-life indeterminate terms for the robberies and two five-year prior serious felony enhancements.  (Pen. Code, § 667, subd. (a)(1).)[2]

DISCUSSION

I

*Proof of Prior Serious Felonies*

On appeal, defendant first contends insufficient evidence supports the finding of five prior serious felonies based on his five convictions under the federal statute section 2113, "Bank robbery and incidental crimes."  He also argues the finding was a violation of his Sixth Amendment rights under *People v. Gallardo* (2017) 4 Cal.5th 120 (*Gallardo*).  We agree.

A.  *Background*

After the jury verdicts, a bench trial was held on the alleged prior serious felonies. As to the federal convictions, the prosecution initially offered a certified copy of defendant's "rap sheet," which reflected a plea to "five (5) counts armed bank robbery." After a continuance, the prosecution offered Exhibit 31, a certified record of defendant's prior convictions.  It reflected five convictions under section 2113, subdivisions (a) and (d) and stated the nature of offenses as "Armed Bank Robbery."  Defense counsel responded, "I'm going to submit the matter," noting he had researched the law and was satisfied the evidence proved the priors.

The trial court then found sufficient evidence established beyond a reasonable doubt that defendant had suffered the alleged priors.  It further found the federal bank robberies constituted separate prior strikes.

---

**2**     The determinate term was error.  The two five-year prior serious felony enhancements should have been applied to each of the three 25-year-to-life indeterminate terms, yielding a 30-year determinate term in addition to the indeterminate term.  (See *People v. Williams* (2004) 34 Cal.4th 397, 405 ["under the Three Strikes law, [Penal Code] section 667[, subdivision] (a) enhancements are to be applied individually to each count of a third strike sentence"].)

3

B. *Analysis*

A "bank robbery" is a serious felony for purposes of the three strikes law. (Pen. Code, §§ 667 subd. (a)(4), 1192.7, subd. (c)(19).) But not all convictions under section 2113, "Bank robbery and incidental crimes," constitute serious felonies. (*People v. Miles* (2008) 43 Cal.4th 1074, 1082 (*Miles*).)

A conviction under section 2113 can take two forms: One substantially coincides with a California bank robbery, the other does not. (*Miles, supra*, 43 Cal.4th at pp. 1080-1081.) The first form encompasses a taking from a bank "by force and violence, or by intimidation"—a serious felony in California. (*Id.* at pp. 1081-1082; § 2113, subd. (a).) The second form, however, includes entering a bank with intent to commit "any felony affecting such bank"—a crime to which no California serious felony corresponds. (*Miles,* at pp. 1081-1082.)

*Miles* held a guilty plea to section 2113, subdivisions (a), (d), and (e) constituted a serious felony. (*Miles*, *supra*, 48 Cal.4th at pp. 1079, 1094.) The *Miles* court explained, if the prior conviction is for an offense that can be committed in multiple ways, and the record of the conviction does not disclose how the offense was committed, a court must presume the conviction was for the least serious form of the offense. (*Id.* at p. 1083.) But where the conviction alone does not establish a serious felony, otherwise admissible evidence, including certified documents from the prior proceeding and prison commitment may be examined to resolve the issue. (*Id*. at p. 1082.) And unless rebutted, reasonable inferences may be drawn from the record to establish the nature and circumstances of the prior. (*Id*. at p. 1083.)

In Miles's case, the federal judge's notation had described the offense as "bank robbery." (*Miles, supra*, 43 Cal.4th at pp. 1087-1088.) Further, the subdivisions Miles pled to included being " 'armed,' " " 'kidnapping,' " and having " 'put[] in jeopardy the life of [a] person by the use of a dangerous weapon or device.' " (*Id*. at p. 1088.) The court noted, "[i]t is highly unlikely that one charged and convicted under section 2113(a)

4

only for entering a bank with felonious or larcenous intent, without an attempted or actual taking of property by force and violence or intimidation, would also be found, in the course of the offense, to have placed a victim's life in jeopardy by use of a dangerous weapon and to have taken a hostage." (*Ibid*.)  Absent any rebuttal evidence, the court was entitled to infer the offense was for bank robbery.  (*Ibid*.)

*Gallardo, supra*, 4 Cal.5th 120, however, adds another layer to the analysis in *Miles*.  The *Gallardo* court explained:  "While a sentencing court is permitted to identify those facts that were already necessarily found by a prior jury in rendering a guilty verdict or admitted by the defendant in entering a guilty plea, the court may not rely on its own independent review of record evidence to determine what conduct 'realistically' led to the defendant's conviction."  (*Gallardo*, at p. 124.)  "The court's role is, rather, limited to identifying those facts that were established by virtue of the conviction itself— that is, facts the jury was necessarily required to find to render a guilty verdict, or that the defendant admitted as the factual basis for a guilty plea."  (*Id*. at p. 136.)

Accordingly, here, the trial court was limited to identifying facts admitted to by defendant in entering his plea.  The fact that defendant's plea included a violation of 2113, subdivision (d) ("assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device") does not necessarily establish that he pled to bank robbery.  Indeed, the *Miles* court noted it could "perhaps *conceive* of a scenario in which violations of sections 2113(d) and 2113(e) might attach to a charged violation of section 2113(a) that did not involve an attempted or actual taking of property."  (*Miles, supra*, 43 Cal.4th at p. 1088, fn. 10.)  Further, the record does not indicate that the notation "Armed bank robbery" in Exhibit 31 was part of defendant's admission in pleading guilty.  Thus, we will remand to afford the People an opportunity to demonstrate, based on the record in the prior plea proceedings, that defendant's guilty plea encompassed a relevant admission.  (See *Gallardo, supra*, 4 Cal.5th at p. 139.)

5

II

*Remand for a Sanity Trial*

Defendant next contends remand is required for a sanity trial. The People concede remand is appropriate to adjudicate defendant's plea of not guilty by reason of insanity. We agree with the parties.

A. *Background*

After criminal proceedings were reinstated, defendant entered pleas of not guilty and not guilty by reason of insanity, and the trial court appointed two experts to evaluate defendant. A hearing was then held where the trial court noted it had reviewed the Penal Code section 1026 reports from the two doctors and was "inclined to find that [defendant] was not insane at the time of the offenses, but I'll certainly hear from counsel." The parties submitted the matter. The court then found defendant capable of knowing and understanding the nature and quality of his acts at the time of the offenses. Defendant was subsequently found guilty by jury of the three robbery counts.

B. *Analysis*

We agree that remand is appropriate for a sanity trial. Penal Code section 1026 directs that when a defendant pleads not guilty by reason of insanity along with another plea, the defendant must first be tried as if the other plea was his only plea. (Pen. Code, § 1026, subd. (a).) Only after the jury finds the defendant guilty is the question of whether the defendant was sane tried before a jury. (*Ibid.*)

Here, no separate jury trial on defendant's sanity took place. Instead the trial court, before the jury trial, found defendant sane based on the expert reports. Because Penal Code section 1026 was not followed—and defendant never waived his right to a jury trial on the sanity issue—we will reverse the finding and remand for a sanity trial.

Defendant, however, also contends the trial court violated his Fifth Amendment right against self-incrimination in relying on the expert reports in finding him sane. He argues the reports included opinions derived from the competency proceedings, the

6

treatment records, or their fruit. He maintains his participation in the competency proceedings and treatment is subject to immunity. But because we are reversing the finding of sanity and remanding for a new trial on the issue, we do not reach this contention.

III

*Senate Bill 1393*

Finally, the parties agree remand is required to allow the trial court to consider exercising discretion afforded under Senate Bill 1393.

On September 30, 2018, the Governor signed Senate Bill 1393, which effectively unshackles a trial court's ability to strike a Penal Code section 667, subdivision (a) prior serious felony enhancement. (Stats. 2018, ch. 1013.) Starting January 1, 2019, trial courts have discretion to strike those enhancements, and in defendant's case, two such enhancements were imposed.

We agree with the parties that Senate Bill 1393 applies retroactively. If an amended statute "lessening punishment becomes effective prior to the date the judgment of conviction becomes final then . . . it, and not the old statute in effect when the prohibited act was committed, applies." (*In re Estrada* (1965) 63 Cal.2d 740, 744.) Here, Senate Bill 1393 took effect before defendant's conviction becomes final, and therefore it applies retroactively. (See *People v. Vieira* (2005) 35 Cal.4th 264, 306.)

We further agree remand is appropriate. The record does not provide "a clear indication" the trial court would decline to exercise discretion afforded by Senate Bill 1393. (Cf. *People v. Almanza* (2018) 24 Cal.App.5th 1104, 1110 ["Remand is required unless the record reveals a clear indication that the trial court would not have reduced the sentence even if at the time of sentencing it had the discretion to do so"].)

We will therefore remand to allow the trial court an opportunity to do so.

## DISPOSITION

The trial court's finding of prior strikes based on defendant's five federal convictions under title 18 United States Code section 2113 is reversed, and the matter is remanded for further proceedings consistent with *Gallardo, supra*, 4 Cal.5th 120.

The trial court's finding that defendant was sane at the time of his offenses is also reversed, and on remand, the trial court is directed to hold a sanity trial.

Further, on remand the trial court is directed to consider exercising its discretion under Senate Bill 1393.

Finally, as discussed in footnote 2, the trial court should determine whether *People v. Williams, supra,* 34 Cal.4th at page 405 ["under the Three Strikes law, [Penal Code] section 667[, subdivision] (a) enhancements are to be applied individually to each count of a third strike sentence"], is applicable to the sentence ultimately imposed.


                                       /s/
                               BLEASE, Acting P. J.


We concur:


   /s/
HULL, J.


   /s/
DUARTE, J.

8