Filed 6/11/15  P. v. Sosa CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH SOSA,<br><br>        Defendant and Appellant. | E059378<br><br>(Super.Ct.No. FWV1100480)<br><br>ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING<br><br>NO CHANGE IN JUDGMENT |

THE COURT:

The opinion herein, filed on May 12, 2015, is modified as follows:

1.  On page 8, before first full paragraph, add:

"[T]he commission of an attempt does not require proof of any particular element

of the completed crime.  [Citations.]"  (*People v. Chandler* (2014) 60 Cal.4th 508, 517.)

"'An attempted robbery requires a specific intent to commit robbery and a direct,

ineffectual act (beyond mere preparation) toward its commission.'  [Citation.]"  (*People*

1

*v. Lindberg* (2008) 45 Cal.4th 1, 24.)  To find an attempted robbery, however, "the jury [is] not required to find that [defendant] possessed, or defendant took, anything of value. [Citation.]  Under general attempt principles, a completed theft is not required for attempted robbery.  [Citations.]" (*Id*. at p. 30.)  "The act that goes 'beyond mere preparation' need not constitute an element of the target crime [citation], and it '"need not be the ultimate step toward the consummation of the design."' [Citation.]  Instead, '"it is sufficient if [the conduct] is the first or some subsequent act directed towards that end after the preparations are made."' [Citation.]  In other words, we have explained, the act must represent '"some appreciable fragment of the crime."' [Citations.]" (*People v. Watkins*, *supra*, 55 Cal.4th at p. 1021.

2.  On page 9, line 12, immediately following the phrase, "(All capitals omitted.)," add:

Thus, the People's evidence established that defendant bore, at least, "a specific intent to commit robbery and [committed] a direct, [] act (beyond mere preparation) toward its commission.' [Citation.]" (*People v. Lindberg* (2008) 45 Cal.4th 1, 24.)

3.  On page 9, following the above addition, the sentence is modified to read:

The documents produced by the People provided sufficient evidence from which the court could reasonably conclude defendant had suffered a conviction, which qualified as a prior strike and serious felony conviction under California law.

4.  On page 13, before the disposition heading, add:

Defendant, for the first time on appeal, argues in his petition for rehearing that both the court below and this court have engaged in verboten fact finding in determining defendant's conviction for aggravated robbery in Texas qualified as a prior strike and serious felony conviction.  (*Wells Fargo Bank Minnesota, N.A. v. B.C.B.U.* (2006) 143 Cal.App.4th 493, 507, fn. 9 ["An argument may not be raised for the first time in a petition for rehearing"].)  Contrary to defendant's contention, the court below made a permissible *legal* determination that pursuant to defendant's Texas conviction, his admitted conduct in his judicial confession to the elements of aggravated robbery *legally* qualified as a prior strike and prior serious felony conviction under California law. *People v. McGee* (2006) 38 Cal.4th 682, 702, 705 [A court's determination of defendant's conduct in his commission of a prior offense is "a legal determination of the nature of defendant's *prior convictions* as established by the record of the prior criminal proceedings[.]" """"This is the type of inquiry traditionally performed by judges as part of the sentencing function."' [Citation.]"]; *People v. Wilson* (2013) 219 Cal.App.4th 500, 515 [Determination of whether a prior conviction qualifies as prior strike proper where based on plea colloquy or admission, but not on testimony in transcript providing competing versions of the facts of the offense]; *People v. Miles*, *supra*, 43 Cal.4th at p. 1083 [Court may make determination regarding character of prior conviction through reasonable inferences based upon official government documents].)

3

There is no change in the judgment.

Appellant's petition for rehearing is denied.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

McKINSTER
Acting P. J.

MILLER
J.

4

Filed 5/12/15  (unmodified version)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH SOSA,<br><br>    Defendant and Appellant. | E059378<br><br>(Super.Ct.No. FWV1100480)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Shahla Sabet, Judge.  Affirmed.

Kurt David Hermansen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal, Collette C. Cavalier and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

1

A jury convicted defendant and appellant Joseph Sosa of 16 counts of second degree robbery (counts 1-2, 4-7, 9-18; Pen. Code, § 211).[1,2]  In a bifurcated proceeding thereafter, the trial court found true allegations defendant had suffered a prior strike and a prior serious felony conviction (§§ 1170.12, subds. (a)-(d); 667, subds. (b)-(i); 667, subd. (a)(1)).  The trial court sentenced defendant to a determinate, aggregate term of incarceration of 45 years.

On appeal, defendant contends insufficient evidence supports the court's determination that defendant's prior conviction for aggravated robbery in Texas qualified as a prior strike and prior serious felony conviction.  We affirm.

### FACTUAL AND PROCEDURAL HISTORY

On February 21, 2010, Ontario Police Officers followed up on a threat investigation with Yolanda Rodriguez, who gave them information that defendant had been involved in the robbery of a Jack in the Box in the City of Ontario.  Rodriguez admitted driving defendant to the robbery.  A couple of days later, she contacted an officer and gave him information on further robberies conducted by defendant, including a list of locations that he had robbed.

During the course of the officers' investigation, they connected defendant to the robberies of 10 locations, in 10 different cities, involving a total of 17 victims.  Defendant

---

[1]  The jury hung on counts 3 and 8; the court declared a mistrial and the People agreed to dismissal.

[2]  All further statutory references are to the Penal Code unless otherwise indicated.

threatened the victims with what appeared to be a firearm. An officer found a replica handgun during a search of defendant's residence.

The People charged defendant by information with 16 counts of robbery (counts 1-2, 4-7, 9-18; § 211), one count of criminal threats (count 3; § 422), and one count of corporal injury to a cohabitant (count 8; § 273.5, subd. (a)). With respect to the count 8 offense, the People additionally alleged defendant had inflicted great bodily injury upon Rodriguez. The People further alleged defendant had suffered a prior serious felony and strike conviction in Texas for aggravated robbery (§§ 1170.12, subds. (a)-(d); 667, subds. (b)-(i); 667, subd. (a)(1)). At trial, the People introduced victim testimony for each of the robberies, and percipient witness testimony and surveillance video for a number of the robberies.

Prior to trial, defendant moved to bifurcate trial on the prior conviction allegations, which the court granted. Defendant additionally filed a motion to strike the prior conviction allegations as the result of an unconstitutionally obtained plea and a motion to strike the out-of-state prior conviction allegations as not meeting the elements required for a felony in California. The People filed a motion in limine in which they contended defendant's Texas conviction for aggravated robbery with a firearm qualified as a prior strike and serious felony conviction. The court deferred ruling on the motion until after trial on the substantive counts.

After defendant's conviction on the substantive counts, the People proceeded with a bench trial on the prior conviction allegations. An Ontario Police Department forensic specialist testified she had rolled defendant's fingerprints on May 1, 2013, and compared

3

them with the fingerprint card obtained from the Texas Department of Criminal Justice regarding defendant's prior conviction for aggravated robbery. The prints matched. The court found "beyond a reasonable doubt that the defendant is the person who has suffered a prior conviction under Texas Law, Penal Code Section 29.03, Aggravated Robbery, case number TX236065C, on November 30th, 1993. Therefore, I find the allegation to be true."

The court then reviewed the pretrial motion regarding whether defendant's Texas conviction would qualify as a prior strike and serious felony conviction under California law. The court entertained further argument on the issue. The court concluded that it needed the facts underlying defendant's conviction in order to determine whether it constituted a prior strike and serious felony conviction under California law: "I need more facts. I need his statement of the facts. I need a copy of the preliminary hearing or the equivalent. I need a copy of the police report to make those factual findings." The court continued the matter to permit the parties to file supplemental briefs.

The People filed a supplemental brief arguing that defendant's prior Texas conviction for aggravated robbery with a firearm constituted a prior strike and serious felony conviction under California law because any felony committed with a firearm so qualified. (§ 1192.7, subd. (c)(8) ["any felony in which the defendant personally uses a firearm."] & (23) ["any felony in which the defendant personally used a dangerous or deadly weapon."].) The People also introduced into evidence certified copies of records from defendant's Texas conviction including defendant's judgment of conviction, grand jury indictment, complaint, written plea admonishments, and criminal docket. At a

4

subsequent hearing on the issue, the trial court noted that its initial "tentative was not to find this prior a strike. However, the [People have] submitted additional cases that appear to be in their favor. [¶] Having said that, my tentative at this time is to deem it a strike." The court continued the matter to allow defendant to respond to the People's brief.

Defendant filed a response to the People's brief contending Texas law defines "use" more broadly than California law, allowing mere "display" or "presence" of a firearm to qualify as use, whereas California law requires some intentional act with the firearm. At the following hearing, the court permitted further argument on the matter. The court found "that the prior conviction suffered in Texas is a strike under three-strike laws . . . ."

DISCUSSION

Defendant contends insufficient evidence supports the court's determination that defendant's Texas conviction qualified as a prior strike and prior serious felony conviction under California law. We disagree.

"On review, we examine the record in the light most favorable to the judgment to ascertain whether it is supported by substantial evidence. In other words, we determine whether a rational trier of fact could have found that the prosecution sustained its burden of proving the elements of the sentence enhancement beyond a reasonable doubt. [Citations.]" (*People v. Miles* (2008) 43 Cal.4th 1074, 1083 (*Miles*).)

"A prior conviction in another jurisdiction for an offense that, if committed in California, is punishable by imprisonment in the state prison shall constitute a prior

conviction of a particular serious and/or violent felony if the prior conviction in the other jurisdiction is for an offense that includes all of the elements of a particular violent felony as defined in subdivision (c) of Section 667.5 or serious felony as defined in subdivision (c) of Section 1192.7." (§ 667, subd. (d)(2).) A serious felony in California includes any offense in which the defendant personally used a firearm. (§ 1192.7, subd. (c)(8) & (23).)

"The People must prove all elements of an alleged sentence enhancement beyond a reasonable doubt. [Citation.] Where, as here, the mere fact of conviction under a particular statute does not prove the offense was a serious felony, otherwise admissible evidence from the entire record of the conviction may be examined to resolve the issue. [Citations.] This rule applies equally to California convictions and to those from foreign jurisdictions. [Citations.]" (*Miles*, *supra*, 43 Cal.4th at p. 1082.)

"Such evidence may, and often does, include certified documents from the record of the prior proceeding and commitment to prison. [Citations.] A court document, prepared contemporaneously with the conviction, as part of the record thereof, by a public officer charged with that duty, and describing the nature of the prior conviction for official purposes, is relevant and admissible on this issue. [Citation.]" (*Miles*, *supra*, 43 Cal.4th at p. 1082.)

"However, if the prior conviction was for an offense that can be committed in multiple ways, and the record of the conviction does not disclose how the offense was committed, a court must presume the conviction was for the least serious form of the offense. [Citations.] In such a case, if the serious felony nature of the prior conviction depends upon the particular conduct that gave rise to the conviction, the record is

6

insufficient to establish that a serious felony conviction occurred." (*Miles*, *supra*, 43 Cal.4th at p. 1083.)

"[T]he trier of fact may draw *reasonable inferences* from the record presented. Absent rebuttal evidence, the trier of fact may presume that an official government document, prepared contemporaneously as part of the judgment record and describing the prior conviction, is truthful and accurate. Unless rebutted, such a document, standing alone, is sufficient evidence of the facts it recites about the nature and circumstances of the prior conviction. [Citations.]" (*Miles*, *supra*, 43 Cal.4th at p. 1083.) The finder of fact may reasonably infer from documents presenting a description of the defendant's offense that it qualifies as prior strike and prior serious felony. (*People v. Riel* (2000) 22 Cal.4th 1153, 1205-1206.) "An information is admissible to show that a prior conviction is a 'serious felony.' [Citations.]" (*People v. Winslow* (1995) 40 Cal.App.4th 680, 689 [in course of Nevada plea, the defendant was asked if he shot the victim with a firearm, to which he responded "guilty"].) A conviction for attempted robbery under California law requires proof beyond a reasonable doubt that a defendant specifically intends to take property from a victim by force or fear and committed a direct act toward that goal. (*People v. Watkins* (2012) 55 Cal.4th 999, 1019; CALCRIM Nos. 460, 1600.)

Here, the People adduced official government documents from defendant's prior Texas conviction for aggravated robbery with a firearm, from which the trial court could reasonably infer defendant had committed an offense, at minimum, attempted robbery, in which defendant personally used a firearm, which qualifies as a prior strike and serious felony conviction under California law. Defendant's indictment reads that defendant,

7

"while in the course of committing theft of property and with intent to obtain and maintain control of said property, threaten[ed] and place[ed the victim] in fear of imminent bodily injury and death, and the defendant did then and there use and exhibit a deadly weapon, to wit: a firearm." (All capitals omitted.) The felony complaint filed against defendant contains the same language.

Defendant entered a guilty plea, signing a "JUDICIAL CONFESSION" reading that he had "read the indictment or information filed in this case and I committed each and every act alleged therein . . . . I am guilty of the offense . . . ." The judgment of defendant's Texas conviction reflects, "the court affirmatively finds that the defendant used or exhibited a deadly weapon, to wit: A firearm during the commission of the offense or during the immediate flight therefrom." (All capitals omitted.) The documents produced by the People provided sufficient evidence from which the court could reasonably conclude defendant had suffered a prior strike and serious felony conviction under California law for committing an offense, at minimum, attempted robbery, during which he personally and intentionally used and exhibited a firearm.

Defendant contends Texas law defines "use" of a firearm more broadly than does California law. He maintains that under Texas law, "use" of a firearm may include conduct in which the defendant does not consciously or intentionally display the firearm, as required under California law. (*Patterson v. State* (Tex. Crim. App. 1989) 769 S.W. 938 (*Patterson*) [the defendant's simple possession of gun on table top qualified for "use" enhancement of drug offense]; *McCain v. State* (Tex. Crim App. 2000) 22 S.W.3d 497 (*McCain*) [defendant's conviction for aggravated robbery in which he kicked in the

8

victim's door and hit her numerous times, during which she saw a long knife sticking out of the defendant's back pocket, supported use of a deadly weapon enhancement].) Defendant argues California law, on the contrary, requires proof that the defendant intentionally display a weapon. (*People v. Granado* (1996) 49 Cal.Ap.4th 317, 320-321, 328-329 [gun use enhancements proper where the defendant attempted to rob two victims, during which he pulled out a handgun, but jury asked if both victims had to know of the weapon's presence and the court responded they did not].)

First, we disagree with defendant's characterization of *Patterson* and *McCain* as not requiring an intent to "use" a firearm in order to sustain the enhancement under Texas law. Although both decisions support the contention that simple possession of a weapon may support the enhancement, both require that the possession facilitate the associated felony. (*Patterson*, *supra*, 769 S.W.2d at p. 941; *McCain*, *supra*, 22 S.W.3d at pp. 499-500.) It is difficult to discern how possession of a weapon could facilitate an associated felony without an intent to "use" that weapon. Indeed, in both cases, the weapon was openly visible, giving rise to the rational inference that it was deployed intentionally to aid the substantive offense. (*Patterson*, at p. 939; *McCain*, at pp. 499.)

Moreover, in *McCain*, the trial court itself observed that the fact the defendant had a butcher's knife in his pocket "could support an inference that [the defendant's] purpose in having it there at that time [was the] *intended* use, [of] causing death or serious bodily injury." (*McCain*, *supra*, 22 S.W.3d at p. 499.) Furthermore, the court's holding in McCain required intent: "[A]n object is a deadly weapon if the actor *intends* a use of the

9

object in which it would be capable of causing death or serious bodily injury." (*Id*. at p. 503, italics added.)

Second, contrary to defendant's contention, California law interprets "use" of a firearm expansively: "'The obvious legislative intent to deter the use of firearms in the commission of the specified felonies requires that "uses" be broadly construed.' [Citation.]" (*People v. Wilson* (2008) 44 Cal.4th 758, 806-807.) "There is no requirement the victim actually see the gun. [Citation.]" (*People v. Dominguez* (1995) 38 Cal.App.4th 410, 421.) Thus, to the extent Texas law interprets the use of a weapon broadly, this does not appear to deviate from California law.

Third, defendant's judicial confession admitted every act of the offense alleged in the indictment. The indictment reflects that defendant used *and* exhibited a firearm while threatening and stealing property from the victim. Thus, the trial court could reasonably infer defendant intended his use and exhibition of the firearm to aid his robbery of the victim. Substantial evidence supports the court's determination defendant's prior Texas conviction qualifies as a prior strike and serious felony conviction under California law.

At oral argument, defendant requested permission to file a supplemental brief to address the issue of why he believed insufficient evidence supported any contention defendant's prior Texas conviction would qualify as attempted robbery under California law. By separate order, we granted defendant's request.

Defendant maintains his Texas conviction does not qualify as an attempted robbery under California law because: 1) Texas law does not require a defendant use or intend to use force or fear against someone with a possessory interest in the property

10

taken; 2) Texas law does not require the defendant commit or intend to commit larceny; 3) Texas law does not require the defendant take or intend to take property from the victim's immediate presence; 4) Texas law does not require the intent to take property to occur contemporaneous to the application of force or fear; and 5) The record in the instant case states only the bare elements of the Texas offense, but not sufficient facts underlying defendant's commission of that offense to enable a determination that defendant's acts would qualify as an attempted robbery under California law. Although defendant's first four contentions may very well be true, we disagree with the latter argument which, in and of itself, renders defendant's overall claim unavailing.

As discussed above, defendant's Texas indictment and felony complaint reads that, "while in the course of committing theft of property and with intent to obtain and maintain control of said property, [defendant] threaten[ed] and place[ed the victim] in fear of imminent bodily injury and death, and the defendant did then and there use and exhibit a deadly weapon, to wit: a firearm." (All capitals omitted.) As part of his plea, defendant admitted he "committed each and every act alleged therein, . . . I am guilty of the offense . . . ." Thus, defendant admitted he used force or fear against the only named victim in the indictment and complaint; admitted he did so with the intent to obtain and maintain control over the property; admitted he did so while contemporaneously, or in the language of the charging document, "while in the course of," committing theft of property; and, again, did so in the immediate presence of the victim as he "did then and there use and exhibit a deadly weapon."

11

Therefore, it was reasonably inferable by the court that defendant, in his commission of the Texas offense, at minimum, committed every requisite element of attempted robbery under California law. (*Miles*, *supra*, 43 Cal.4th at p. 1083; *People v. Riel*, *supra*, 22 Cal.4th at pp. 1205-1206.) Since defendant was armed with a deadly weapon while committing the offense, substantial evidence supported the court's determination that defendant's Texas conviction qualified as a prior strike and prior serious felony conviction under California law.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

McKINSTER
Acting P. J.

MILLER
J.

12