Filed 9/15/15  P. v. Turner CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>TERRY B. TURNER,<br><br>        Defendant and Appellant. | A142074<br><br>(San Francisco County<br>Super. Ct. No. SCN221345) |

In this appeal, we are asked to decide whether the prosecution established beyond a reasonable doubt appellant was previously convicted of a serious felony pursuant to Penal Code section 667, subdivision (a).[1]  The purported prior felony offense is first degree burglary, the burglary of an inhabited dwelling.  (§ 459.)  If the prior offense was proven beyond a reasonable doubt, appellant's commitment to state prison for an additional five years, imposed by the trial court, would be appropriate.  We conclude the record supports the determination by the trial court the prior offense was a serious felony and affirm.

### STATEMENT OF THE CASE

On March 7, 2014, the district attorney filed a second amended information charging appellant Turner with several felonies.  Counts one and two charged appellant with violations of section 422 (terrorist threats).  Count three charged a violation of

---

[1] Unless otherwise stated, all statutory references are to the Penal Code.

section 273.5, subdivision (a) (infliction of corporal punishment on a cohabitant).  Counts four, five, six, seven and nine charged violations of section 245, subdivision (a)(4) (aggravated assault).  Count eight charged a violation of section 236 (false imprisonment).  The amended information also alleged appellant suffered a prior strike conviction pursuant to sections 667, subdivisions (d)-(e), and 1170.12, subdivisions (b)-(c), and a prior serious felony conviction under section 667, subdivision (a)(1).  The information further alleged appellant had three prior prison terms under section 667.5, subdivision (b).

On March 20, 2014, the jury acquitted appellant of count two and count nine.  The jury convicted appellant of all the remaining counts.  Following defendant's waiver of jury trial on all of the prior conviction-related allegations, in a bifurcated bench trial the court found true two prior prison term allegations, as well as the prior strike allegation and the prior serious felony allegation.

The court granted appellant's motion to dismiss the prior strike allegation.  The court then sentenced appellant to state prison for a determinate term of eight years eight months.

Appellant filed a timely notice of appeal.

## ANALYSIS

### A.  Introduction.

We do not summarize the facts supporting the jury's verdict in this case because the sole issue is the five-year enhancement prior imposed by the trial court.  In this appeal appellant claims the five-year enhancement imposed by the trial court must be reversed because the prosecution failed to establish by proof beyond a reasonable doubt appellant suffered a serious felony prior.

### B.  Factual Background.

The second amended information in this case alleged appellant was "previously convicted of the crime of FIRST DEGREE BURGLARY-RESIDENTIAL, violating

2

section 459 of the Penal Code, a Felony, on or about the 10th day of October, 1996, in the Superior Court of California, County of Sacramento." The information also alleged this offense was a prior serious felony conviction, within the meaning of section 667, subdivision (a)(1). At the bench trial, the district attorney introduced exhibits Nos. 12 and 14 to prove the allegation.

Exhibit No. 14 is a collection of documents. The materials show that on September 17, 1996, the prosecutor in Sacramento County filed a complaint against appellant and two other persons in case No. 96F07374. Count one of the complaint alleged appellant and his codefendants received stolen property, violating section 496, subdivision (a). Count two alleged appellant and another codefendant committed the crime of burglary, violating section 459. The complaint on this count indicated appellant burglarized "an inhabited dwelling house and trailer coach and inhabited portion of [the] building." This was alleged to be a "serious felony" pursuant to section 1192.7, subdivision (c)(18), an allegation that exclusively applies to first degree burglary.

A court minute order dated October 10, 1996, indicates appellant entered a no contest plea to count two of the complaint, a violation of section 459. This minute order notes specifically the offense pled to was a serious felony within the meaning of Penal Code section 1192.7, subdivision (c)(18), i.e., first degree burglary. In his plea inquiry, the trial court told appellant he could be sentenced to two, four, or six years in state prison, the range of time for first degree burglary.

A sentencing minute order dated November 7, 1996, states appellant was convicted of "PC 459 FEL 1 Nolo contendere." Presumably, the reference to "FEL 1" suggests a felony first degree burglary instead of second degree burglary, which can be either a misdemeanor or felony.

A minute order dated April 28, 1998, states appellant admitted to a probation violation in case No. 96F07374 (the case discussed above) after sustaining a new conviction in case No. 97F04444. Appellant was sentenced to "MT 2 yrs SP c/c to

3

97F04444." During the bench trial on the enhancement prior allegations in this instant case, the district attorney "interpreted" appellant's sentence in case No. 96F07374 to mean "[m]idterm two years state prison concurrent."

Trial exhibit No. 12 was appellant's rap sheet. Contained in the document were conflicting entries on the 1996 burglary prior in case No. 96F07374. The entry at page 3 shows appellant was convicted of *first* degree burglary in that case and sentenced to two years in state prison on April 28, 1998. Nevertheless, at page 4 of the exhibit, there is an entry for appellant's conviction in case No. 97F04444. That entry shows a two-year principal term was imposed in case No. 97F04444, as well as a two-year subordinate term for a *second* degree burglary conviction in case No. 96F07374.

**C. Standard of Review.**

A prior conviction must be proved at trial beyond a reasonable doubt, unless admitted by the accused. (See § 1025, subds. (a), (b); *People v. Miles* (2008) 43 Cal.4th 1074, 1082.) When the statute underlying the prior offense does not specifically state the crime is a serious felony, admissible evidence from the complete record of the particular conviction may be examined to resolve this issue. (*Ibid.*) This evidence often will include certified documents from the previous court proceeding and prison commitment. (*Ibid.*)

Under *People v. Johnson* (1980) 26 Cal.3d 557, 576, the appellate court will focus in this instance on whether substantial evidence supports the determinations made by the trial court below. We must ask whether any rational trier of fact would reach the same conclusion the fact finder below (here the trial court) reached after reviewing the evidence on the matter submitted by each side, in the light most favorable to the prevailing party. (*People v. Crittenden* (1994) 9 Cal.4th 83, 139.) "Although it is the duty of the jury to acquit a defendant if it finds that circumstantial evidence is susceptible of two interpretations, one of which suggests guilt and the other innocence [citations], it is the [fact finder], not the appellate court[,] which must be convinced of the defendant's

4

guilt beyond a reasonable doubt. ' "If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also be reasonably reconciled with a contrary finding does not warrant a reversal of the judgment." ' " (*People v. Bean* (1988) 46 Cal.3d 919, 932–933.)

## D. Analysis.

Section 667 permits a sentencing enhancement for any person who is convicted of a serious felony and who previously has been convicted of a serious felony. Under section 667, subdivision (a), an additional term of five years is imposed. Under subdivision (a)(4), a serious felony means a felony listed in subdivision (c) of section 1192.7. A violation of section 422, criminal threats, is a serious felony (§ 1192.7, subd. (c)(38)), as is "any burglary of the first degree" (§ 1192.7, subd. (c)(18)).

The record indicates that in 1996, appellant was convicted of first degree burglary in the County of Sacramento. The minute order indicates he entered a no contest plea to count 2, alleged in the complaint to be a violation of section 459, burglary of an inhabited dwelling house. This plea was entered in case No. 96F07374, which also alleged the offense was a serious felony within the meaning of section 1192.7, subdivision (c)(18), the first degree burglary subsection. Additionally, the court advised appellant his sentencing range was from two to six years in state prison, the appropriate range for first degree burglary.[2] (§ 461, subd. (a).) We conclude these entries and remarks establish appellant in fact entered a plea to first degree burglary, a serious felony.

The minute order dated November 7, 1996, corroborates the nature of the plea. That document indicates appellant was convicted of "PC 459 FEL 1 Nolo contendere." If

---

[2] If the offense was for felony second degree burglary, in 1996 the sentence range would have been 16 months, two years or three years in prison. (Former § 461, as amended in 1978 (Stats. 1978, ch. 579, § 24, p. 1985; former section 18, as amended in 1976 (Stats. 1976, ch. 1139, § 98, p. 5089.)

the offense was second degree burglary, we would expect the entry to state "PC 459 FEL 2 Nolo contendere" or "PC 459 MIS."

We must acknowledge the inconsistent entries in the appellant's rap sheet manifested by exhibit No. 12. However, this document was not made at the time of sentencing for the offense deemed a "serious felony." The rap sheet does not reflect the sentencing options stated by the trial court who took the particular plea found to be a first degree burglary by the trial court below. Nor is the rap sheet contemporaneous with the clerk's minute order entries at the time of both plea and sentence. The rap sheet inconsistencies reflect at best a scrivener's error, with the first entry consistent with other documents and the second entry uniquely different to an otherwise consistent chronicle of events.

With this record, the conclusion of the sentencing court and the fact finder here will not be disturbed. The record supports its finding in this regard.

## DISPOSITION

The judgment is affirmed.

_____
DONDERO, J.

We concur:


_____
HUMES, P. J.


_____
MARGULIES, J.

A142074