Filed 6/22/26  P. v. Knight CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JONATHAN KNIGHT,<br><br>Defendant and Appellant. | F089047<br><br>(Super. Ct. No. BF177850A)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Charles R. Brehmer, Judge.

David W. Beaudreau, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Amanda D. Cary and Jeffrey A. White, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Defendant Jonathan Knight contends on appeal that the trial court's true finding that his 2012 Penal Code section 186.22, subdivision (a)[1] conviction qualifies as a serious

---

[*]     Before Snauffer, Acting P. J., DeSantos, J. and Harrell, J.

[1]     All further statutory references are to the Penal Code, unless otherwise noted.

or violent felony for purposes of the strike prior (§§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e)) and prior serious felony (§ 667, subd. (a)) enhancement allegations must be vacated and the matter remanded to the trial court for any retrial of this allegation because there is insufficient evidence to support the court's finding under the 2022 amendments to section 186.22 enacted by Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill 333) (Stats. 2021, ch. 699, § 3). The People agree, as do we.[2] We vacate the trial court's true finding that defendant's 2012 conviction qualifies as a serious or violent felony for purposes of the strike prior and prior serious felony enhancements and remand the matter to the trial court for any retrial of this finding.[3] In all other respects, we affirm the judgment.

## PROCEDURAL SUMMARY

On September 11, 2019, the Kern County District Attorney filed a third amended indictment charging defendant with first degree murder of K.G. (Pen. Code, § 187, subd. (a); count 1); premeditated and deliberate attempted murder of D.V. (§ 664,187; count 2); two counts of assault with a semiautomatic firearm (§ 245, subd. (b); counts 3 & 10); four counts of discharging a firearm at an occupied motor vehicle (§ 246; counts 4–6 & 9); two counts of possession of a firearm by a felon (§ 29800, subd. (a)(1); counts 7 & 11); carrying a firearm as an active member of a criminal street gang (§ 25850, subd. (c)(3); count 8); and participating in a criminal street gang (§ 186.22, subd. (a); count 12). As to count 1, it was further alleged that the murder was intentional

---

[2] Alternatively, defendant contends defense counsel provided ineffective assistance by failing to contest the prior strike and prior serious felony enhancement allegations related to defendant's 2012 section 186.22, subdivision (a) conviction. However, the People argue that reversal of the true findings on defendant's prior strike and prior serious felony allegations and remand of the matter render the issue of whether defense counsel provided ineffective assistance moot. Defendant concedes the issue in his reply brief. We agree with the parties.

[3] Whether resentencing is required will depend on the result of any retrial.

and perpetrated by means of discharging a firearm from a motor vehicle (§ 190.2, subd. (a)(21)), and that the murder was committed while defendant was an active participant in a criminal street gang and carried out to further the gang's activities (§ 190.2, subd. (a)(22)). As to counts 1 through 7 and 9 through 11, the indictment further alleged that defendant committed the offenses for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)). As to counts 1, 5 and 6, it further alleged that defendant personally and intentionally discharged a firearm causing death or great bodily injury (§ 12022.53, subd. (d)). As to counts 2, 4, and 9, the indictment further alleged he personally and intentionally discharged a firearm (§ 12022.53, subd. (c)). As to counts 2, 3, and 10, it further alleged he personally used a firearm (§ 12022.5, subd. (a)). As to count 3, the indictment further alleged defendant personally inflicted great bodily injury (§ 12022.7, subd. (a)). Last, the indictment further alleged defendant previously sustained two prior serious felony convictions (§ 667, subd. (a)) and two prior strike convictions (§§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e)).

On September 13, 2019, defendant pled not guilty to all counts and denied the prior strikes and enhancement allegations.

On September 11, 2024, the trial court granted defendant's motion to bifurcate the gang enhancement allegations (§ 186.22, subd. (b)(1)), the gang offense charged in count 12 (§ 186.22, subd. (a), and the two prior serious felony convictions (§ 667, subd. (a)) and two prior strike convictions (§§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e)) allegations.

On October 18 and 21, 2024, a jury found defendant guilty on counts 1 through 11 and found true all the special circumstances and enhancements. On October 21, 2024, the prosecution dismissed the firearm enhancements alleged as to counts 1, 2, 4 through 6 and 9 and the section 12022.5, subdivision (a) enhancement alleged as to count 1. The same day, in a bifurcated proceeding, defendant pled no contest to count 12 and admitted

3.

the section 186.22 enhancements. Defendant also admitted he suffered two prior convictions underlying the two prior serious felony convictions (§ 667, subd. (a)) and two prior strike convictions (§§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e)) enhancement allegations. The trial court accepted defendant's factual admissions and found true the two prior serious felony convictions (§ 667, subd. (a)) and two prior strike convictions (§§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e)) enhancements.

On November 19, 2024, the trial court denied defendant's request for probation and sentenced him to a total term of life without parole (LWOP), plus 373 years to life, plus 10 years, as follows: on count 1 (special circumstance murder), the indeterminate term of LWOP, plus 25 years to life for the firearm enhancement (§ 12022.53, subd. (d)) plus 10 years total (five years for each) for the two prior serious felony conviction enhancements (§ 667, subd. (a)); on count 4, the indeterminate term of 111 years to life, pursuant to the "Three Strikes" law, consecutive; on count 6, 126 years to life, pursuant to the Three Strikes law, consecutive; and on count 9, 111 years to life, pursuant to the Three Strikes law, consecutive. Punishment on the remaining counts was imposed and stayed under section 654.

On December 11, 2024, defendant filed a timely notice of appeal.

**FACTUAL SUMMARY[4]**

*February 23, 2017 Shooting Incident*

On February 23, 2017, members of the West Side Crips gang, including defendant, confronted and argued with members of a rival gang, the East Side Crips, at a shopping mall.

Later that night, defendant and another West Side Crips gang member were driving around, searching for East Side Crips gang members, when they saw a vehicle

---

[4] As the facts of the underlying offenses are not at issue in defendant's appeal, we only briefly summarize them from the probation report.

4.

being driven by one of them. Defendant fired several gunshots into the vehicle. The bullets defendant fired struck two children in the backseat of the vehicle, killing five-year-old K.G., and injuring his brother, seven-year-old D.V.[5]

*August 17, 2019 Shooting Incident*

On the evening of August 17, 2019, defendant was at a party at a residence with other West Side Crips gang members when another subject gave defendant a firearm. Later that night, a vehicle drove past the residence and defendant used the firearm to fire several gunshots at the passing vehicle.

On August 19, 2019, Bakersfield Police Department officers contacted defendant during a traffic stop. Defendant was taken into custody during the stop.

## DISCUSSION

Defendant contends the trial court's true finding that his 2012 conviction qualifies as a serious or violent felony for purposes of the strike prior (§§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e)) and prior serious felony (§ 667, subd. (a)) enhancements must be vacated and the matter remanded to the trial court for any retrial of these allegations and subsequent resentencing, if necessary, because there is insufficient evidence to support the finding under the 2022 amendments to section 186.22 enacted by Assembly Bill 333.[6] The People agree, as do we.

---

[5] The third amended indictment identifies the victim in count 2 as D.V., while the probation report identifies the victim as B.G.

[6] On January 8, 2026, defendant moved our court to grant his "Motion to Augment the Record on Appeal with [] or—Alternatively—to Take Judicial Notice of" exhibit Nos. 97 (abstract of judgment in case No. BF140779A) and 99 (information in case No. BF140779A). Our court deferred consideration of defendant's motion pending consideration of the appeal on the merits. However, as the People concede, the court's finding must be reversed and the matter remanded for any retrial. Accordingly, we need not take judicial notice of the requested documents as they are irrelevant to resolving the issue on appeal.

## A. *Background*

The third amended indictment charged defendant with 12 counts stemming from the February 23, 2017 and August 17, 2019 incidents. As to all counts, it was alleged that defendant suffered two strike prior convictions (§§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e)) and two prior serious felony convictions (§ 667, subd. (a)).

On October 15, 2024, for purposes of the two charges of possession of a firearm by a felon (§ 29800, subd. (a)(1); counts 7 & 11), defendant admitted he "was convicted of a felony offense before February 23, 2017."

On October 21, 2024, after the jury found defendant guilty on the underlying offenses, defense counsel indicated that defendant intended to plead no contest to the bifurcated section 186.22, subdivision (a) charge (count 12) and planned to admit the gang enhancement allegations (§ 186.22).

The trial court then discussed the strike prior and prior serious felony allegations, along with several of the gang issues.

The court stated,

> "It's my understanding that [defendant would] be entering pleas of no contest to the bifurcated portion of the trial under *North Carolina v. Alford*[7] as follows:

> "In regard to Counts 1 through 7 and 9, 10, and 11, admitting the enhancement under [] Section 186.22[, subdivision] (b)(1).

> "As to Count 8, admitting the gang portion under (c)(3), and as to Count 12, pleading no contest to Penal Code Section 186.22[, subdivision] (a).

> "The portion that was bifurcated to the Court has to do with two [section] 667[, subdivision] (e) allegations one from on or about January 27, 2011 in [case No.] BM134283B and one on or about July 3, 2012 in [case No.] BF140779A. Those same cases are alleged in regard to the [section] 667[, subdivision] (a) allegations. So there's two

---

7    The plea was entered pursuant to *North Carolina v. Alford* (1970) 400 U.S. 25.

6.

[section] 667[, subdivision] (e) [allegations], [and] two [section] 667[, subdivision] (a) [allegations].

"It's my understanding the defendant already admitted suffering those convictions in both of those cases, which would be applicable to [sections] 667[, subdivision] (a) and 667[, subdivision] (e), which means evidence would no longer be submitted in this case, and there would be no second portion for the jury to determine or subsequently for the Court to determine."

The parties and defendant then confirmed the court correctly understood the plea. Defendant also affirmed his willingness to waive "each and every one" of the rights listed in the "Waiver of Rights form," including the "right to require that the prior conviction(s) and enhancement(s) alleged against [defendant] must be proven." The following colloquy occurred:

"THE COURT:     As to the alleged prior conviction in [case No.] BF134238B, which is the [section] 460[, subdivision ](a) of the Penal Code, do you admit?

"DEFENDANT:     I admit.

"THE COURT:     As to [case No.] BF140779A, do you admit?

"DEFENDANT:     I admit.

"THE COURT:     Counsel join?

"DEFENSE COUNSEL:     So join."

The trial court accepted defendant's admission that he sustained the two prior convictions and his waiver of rights, stating,

"I'll accept the admission, find, in total, you've made a knowing, intelligent, voluntary waiver of your rights, understanding the consequences.

"In regard to the allegations, I don't believe there's any further ones outstanding.

"[¶] … [¶]

"So the Court is accepting this plea. We'll not have a part two to the trial, and we do not need to. To the extent that there

7.

needs to be a finding under [sections] 667[, subdivision] (e) and 667[, subdivision ](a), both of those allegations, I am finding that that has been proven beyond a reasonable doubt in light of the defendant's plea to those prior convictions."

On November 19, 2024, at the sentencing hearing, the trial court sentenced defendant as a third strike offender pursuant to the Three Strikes law to a total term of "[LWOP], plus 25 years to life, plus 111 years to life, plus 126 years to life, plus 111 years to life, plus 10 years," for the two prior serious felony enhancements based on the 2012 section 186.22, subdivision (a) conviction.

**B.     *Law***

Under the Three Strikes law, defendants previously convicted of serious or violent felonies are subject to increased prison terms:  If a defendant has one prior conviction for a serious or violent felony, the defendant's term of imprisonment is doubled (§ 1170.12, subd. (c)(1)), and if a defendant has two or more such strike priors, the defendant may receive life imprisonment.  (*Id*., subd. (c)(2).)  The Three Strikes law defines "serious or violent" felony to include any offense defined as a serious felony under section 1192.7, subdivision (a).  (§ 1170.12, subd. (b)(1).)  Section 1192.7 defines "serious felony" to include, among other things, "any felony offense, which would also constitute a felony violation of Section 186.22."  (§ 1192.7, subd. (c)(28).)

Section 186.22, subdivision (a) makes it unlawful to "actively participate[] in a criminal street gang with knowledge that its members engage in, or have engaged in, a pattern of criminal gang activity, and [to] willfully promote[], further[], or assist[] in felonious criminal conduct by members of that gang."  (*Id*., subd. (a).)  Section 186.22, subdivision (b) provides for enhancements if a person commits a felony for the benefit of such a gang.  (*Id*., subd. (b).)  Section 186.22 also defines the terms "criminal street gang" and "pattern of criminal gang activity" as well as benefitting a gang.  (*Id*., subds. (e), (f) & (g).)  In 2012, the California Supreme Court held in *People v. Rodriguez* (2012) 55 Cal.4th 1125 that the third element of a section 186.22, subdivision (a) offense,

8.

that the defendant must have willfully promoted, furthered, or assisted in felonious criminal conduct by members of that gang, is only satisfied if a gang member commits felonious criminal conduct with at least one fellow gang member. (*Rodriguez*, at p. 1132.)

In 2020, the court, in *People v. Strike* (2020) 45 Cal.App.5th 143 (*Strike*), held that the *Rodriguez* opinion's "change in the interpretation of section 186.22[, subdivision] (a) rendered a pre-*Rodriguez* conviction inconclusive on its face as to whether it qualified as a strike." (*Strike*, at p. 150.) To prove the strike, "the prosecution could not simply rely on the fact defendant had suffered a conviction for violating section 186.22[, subdivision] (a). The prosecution had to prove defendant admitted all of the elements of the offense as explained by *Rodriguez*, including that he committed a felony offense with another member of his gang." (*Ibid.*)

Following *Strike*, the Legislature passed Assembly Bill 333, which amended section 186.22. (Stats. 2021, ch. 699, § 3.) Effective January 1, 2022, this legislation "narrowed the definition of a 'criminal street gang,' " "the definition of a 'pattern of criminal activity,' " and "what it means for an offense to have commonly benefitted a street gang." (*People v. Tran* (2022) 13 Cal.5th 1169, 1206 (*Tran*).) "First, it narrowed the definition of a 'criminal street gang' to require that any gang be an 'ongoing, *organized* association or group of three or more persons.' (§ 186.22, subd. (f), italics added.) Second, whereas section 186.22, former subdivision (f) required only that a gang's members 'individually *or* collectively engage in' a pattern of criminal activity in order to constitute a 'criminal street gang,' Assembly Bill 333 requires that any such pattern that have been '*collectively* engage[d] in' by members of the gang. (§ 186.22, subd. (f), italics added.) Third, Assembly Bill 333 also narrowed the definition of a 'pattern of criminal activity' by requiring that (1) the last offense used to show a pattern of criminal gang activity occurred within three years of the date that the currently charged offense is alleged to have been committed; (2) the offenses were committed by two or more gang 'members,'

as opposed to just 'persons'; (3) the offenses commonly benefitted a criminal street gang; and (4) the offenses establishing a pattern of gang activity must be ones other than the currently charged offense.  (§ 186.22, subd. (e)(1)(2).)  Fourth, Assembly Bill 333 narrowed what it means for an offense to have commonly benefitted a street gang, requiring that any 'common benefit' be 'more than reputational.'  (§ 186.22, subd. (g).)" (*Ibid*.)  Moreover, because these changes are ameliorative in nature, they apply to nonfinal judgments on appeal.  (*Id*. at pp. 1206–1207.)

After the enactment of Assembly Bill 333, the Courts of Appeal were split on whether it applies to a sentencing court's determination of whether a defendant's conviction under the prior section 186.22 qualifies as a serious felony for purposes of prior serious felony enhancements and the Three Strikes law.  (*People v. Fletcher* (2025) 18 Cal.5th 576, 583 (*Fletcher*).)

On August 25, 2025, in *Fletcher*, *supra*, 18 Cal.5th 576, our Supreme Court resolved the split after noting the relevant statutes are not "paragons of clarity," and held that "where a defendant has suffered a conviction under the prior version of section 186.22, Assembly Bill 333 applies to the determination of whether the conviction qualifies as a prior serious felony conviction under subdivision (c)(28) of section 1192.7 for purposes of the Three Strikes law and prior serious felony enhancements."  (*Id*. at p. 583.)  Accordingly, whether a prior conviction was for an offense that constitutes "a felony violation of Section 186.22" is determined by applying the current version of section 186.22.  (*Fletcher*, at p. 607.)

On appeal, a reviewing court must "examine the record in the light most favorable to the judgment to ascertain whether it is supported by substantial evidence.  In other words, [the reviewing court] determine[s] whether a rational trier of fact could have found  the prosecution sustained its burden of proving the elements of the sentence enhancement beyond a reasonable doubt."  (*People v. Miles* (2008) 43 Cal.4th 1074, 1083; accord, *People v. Delgado* (2008) 43 Cal.4th 1059, 1067.)  "The People must prove

all elements of an alleged sentence enhancement beyond a reasonable doubt. [Citations.] Where … the mere fact of conviction under a particular statute does not prove the offense was a serious felony, otherwise admissible evidence from the entire record of the conviction may be examined to resolve the issue." (*Miles*, at p. 1082.) "[I]f the prior conviction was for an offense that can be committed in multiple ways, and the record of the conviction does not disclose how the offense was committed, a court must presume the conviction was for the least serious form of the offense. [Citations.] In such a case, if the statute under which the prior conviction occurred could be violated in a way that does not qualify for the alleged enhancement, the evidence is thus insufficient, and the People have failed in their burden." (*Delgado*, at p. 1065.)

## C.    *Analysis*

We agree with the parties that the evidence here is insufficient to support the trial court's finding that defendant's 2012 conviction qualifies as a serious or violent felony for purposes of the strike prior and prior serious felony enhancements under the 2022 amendments to section 186.22 enacted by Assembly Bill 333, because once he admitted the 2012 conviction, no further evidence was presented to prove the truth of the allegation that the prior conviction qualifies as a serious felony. Accordingly, there is no evidence as to the nature of the 2012 conviction and whether it followed a jury verdict or a guilty or no contest plea.

Here, the proceedings on the prior strike and prior serious felony allegations occurred on October 21, 2024, 10 months prior to the California Supreme Court's opinion in *Fletcher*, which was issued on August 25, 2025. (See *Fletcher*, *supra*, 18 Cal.5th 576.) As stated above, *Fletcher* held that Assembly Bill 333 applies to the determination of whether a conviction qualifies as a prior serious felony conviction under subdivision (c)(28) of section 1192.7 for purposes of the Three Strikes law and prior serious felony enhancements. (*Fletcher*, at p. 583.)

In *Fletcher*, the codefendants were both convicted of various felonies, including active participation in a criminal street gang, and the trial court subsequently found true that both defendants had a 2015 conviction for unlawful possession of a firearm with an enhancement under section 186.22 because the offense was committed for the benefit of a criminal street gang. (*Fletcher*, *supra*, 18 Cal.5th at p. 584.) As a result, the trial court found that the prior convictions qualified as serious felonies under the Three Strikes law and section 667, subdivision (a), and doubled the defendants' sentences. (*Fletcher*, at p. 584.) Assembly Bill 333 went into effect while both defendants' cases were on appeal. (*Fletcher*, at p. 585.) Each defendant alleged on appeal that there was insufficient evidence to show that the prior conviction qualified as a serious felony, given the changes enacted by Assembly Bill 333. (*Fletcher*, at p. 585.) The California Supreme Court agreed and held that the changes to section 186.22 applied to prior strike and serious felony allegations. (*Fletcher*, at pp. 587, 600–607.) The Supreme Court interpreted section 1192.7, subdivision (c)(28) to "employ[] the present conditional tense in naming 'any felony offense, which would also constitute a felony violation of Section 186.22,' " and that, because the statute did not reference "any felony offense, which also *constituted* a felony violation of Section 186.22' or 'any felony offense, which also *was* a felony violation of Section 186.22,' " the statute appeared to implicate current law. (*Fletcher*, at pp. 601–602.) It also concluded that there was insufficient evidence that the defendants' convictions were "obtained under Assembly Bill 333's more stringent requirements" because the only evidence presented were the abstracts of judgment, which merely showed the offenses and gang enhancements. (*Id*. at p. 607.) Accordingly, the Supreme Court vacated the strike prior findings in *Fletcher* and directed the Court of Appeal to remand with instructions to retry the gang allegations under Assembly Bill 333's amendments to section 186.22. (*Fletcher*, at p. 608.)

As the parties note, once defendant admitted the 2012 conviction for a violation of section 186.22, subdivision (a), no further evidence was presented here regarding that

12.

conviction. The prosecution represented to the trial court during pretrial motions that, in the 2012 proceeding, defendant pleaded guilty or no contest to the section 186.22, subdivision (a) charge. However, there was no evidence presented to the trial court proving defendant's 2012 conviction followed a guilty or no contest plea. Before sentencing, the trial court received a probation report indicating the 2012 conviction involved a single section 186.22, subdivision (a) count accompanied by a single prior strike allegation. The record also includes trial testimony from two police officers, admitted for the purpose of proving defendant's personal knowledge of his gang's primary activities, concerning prior criminal conduct committed by defendant in February 2012 that he was seen fleeing the scene of a gunshot, that he admitted firing one round from a firearm to get a group of people to stop fighting and that he admitted he was a felon prohibited from possessing a firearm, but the prosecution presented no evidence establishing that the February 2012 conduct was related to the July 2012 section 186.22, subdivision (a) conviction or that the officers' testimony formed the factual basis for the 2012 conviction.

As Assembly Bill 333's amendments to section 186.22, subdivision (a) apply to the trial court's finding on defendant's 2012 conviction pursuant to *Fletcher*, defendant's admission that the 2012 conviction qualified as a serious or violent felony pursuant to section 186.22, subdivision (a) cannot be construed to have been knowingly and/or intelligently made. Accordingly, the evidence is insufficient to support the trial court's true finding that his 2012 conviction qualifies as a serious or violent felony for purposes of the strike prior (§§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e)) and prior serious felony (§ 667, subd. (a)) enhancements under the 2022 amendments to section 186.22 enacted by Assembly Bill 333. We vacate the finding and remand the matter for any retrial of these allegations. Whether resentencing is required will depend on the result of any retrial.

# **DISPOSITION**

The trial court's true finding that defendant's 2012 conviction qualifies as a serious or violent felony pursuant to section 186.22, subdivision (a) for purposes of the strike prior (§§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e)) and prior serious felony (§ 667, subd. (a)) allegations is vacated and the matter remanded to the trial court for any retrial of these allegations, and if required, any resentencing. In all other respects, the judgment is affirmed.